Terrence J. Edwards (Utah State Bar No. 09166)
Preston C. Regehr (Utah State Bar No. 06317)

TechLaw Ventures, PLLC
3290 West Mayflower Way
Lehi, Utah 84043
Telephone: (801) 854-7675
Fax: (801) 852-8203
Email: terrence.edwards@techlawventures.com; preston.regehr@techlawventures.com; docket@techlawventures.com

Attorneys for Plaintiff,
Snowie LLC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SNOWIE LLC, a Utah Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> PRIMO WATER CORPORATION, a Delaware Corporation, <br><br> Defendant. | COMPLAINT <br><br> Case No. 2:16-cv-00125-EJF <br><br> Judge Evelyn J. Furse |

COMES NOW, Plaintiff Snowie LLC, and complains against Primo Water Corporation as follows:

**PARTIES**

1. Plaintiff, Snowie LLC is a Utah limited liability company having a principal place of business in Salt Lake City, Utah (hereinafter "Snowie").

2. Defendant Primo Water Corporation is a Delaware corporation having a principal place of business in Winston-Salem, North Carolina (hereinafter "Primo").

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this claim pursuant to the Lanham Act, 15 U.S.C. §1051 *et seq*. This Court has original jurisdiction over the federal claims pursuant to 28 U.S.C. § 1338 and supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district under 28 U.S.C. § 1391, pursuant to the Lanham Act, and because the defendant has transacted business in this judicial district and/or the injury alleged herein occurred within this judicial district.

## GENERAL ALLEGATIONS

5. Snowie specializes in developing equipment used in the shaved ice and confections industry.  Snowie has developed and commercialized a myriad of different shaved ice products, including flavors, shaver machines, automobiles configured as a mobile building, buildings, booths, kiosks, carts, and many other products, which can be viewed at www.snowie.com. Snowie has revolutionized the shaved ice industry by introducing many popular products, such as its FLAVOR STATION™ dispensing system. Because of its innovative technology and distinctive designs, Snowie's products have been well received in the marketplace.

6. Snowie's creative achievements have resulted in significant intellectual property protection for its innovations, including utility and design patents, trademarks, federal trademark applications and registrations, and trade dress. Nevertheless, Snowie's innovations have been the subject of widespread emulation, imitation, and infringement by competitors, who have attempted to capitalize on Snowie's success.

7. Snowie has adopted and has been using its SNOWIE FLAVOR STATION and FLAVOR STATION trademarks in connection with food and beverage dispensers, namely, dispensers for dispensing liquids and confectionary toppings since at least as early as April 10, 2001.

8. Primo has federally registered a trademark for the mark PRIMO FLAVORSTATION, which has been assigned U.S. Trademark Registration No. 4284674 for use with "carbon dioxide (CO2) filled cylinders for use in dispensing and carbonating water and other beverages; appliances for making and dispensing beverages, appliances for carbonating beverages; and flavorings for use in beverages" with a date of first use anywhere and a date of first use in commerce with the above goods at least as early as November 2011 (hereinafter "the '674 Registration"), and rights under the registration accruing from the July 21, 2011 application filing date.

9. On February 7, 2014 Snowie filed with the United States Trademark Office its application to register its FLAVOR STATION mark with "food and beverage dispensers, namely, dispensers for dispensing liquids and confectionary toppings." This application was assigned to an examining attorney who refused registration of the application under 15 U.S.C. §1052(d) based on the '674 Registration because, in the Trademark Office's opinion, there is a likelihood of confusion between Snowie's "FLAVOR STATION" mark and the "PRIMO FLAVORSTATION" '674 Registration.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement under the Lanham Act, 15 U.S.C. §1114)

10. Snowie incorporates and re-alleges the preceding paragraphs of this Complaint, as though fully set forth herein, and further alleges:

11. Primo, without authorization, has used and is using one or more of the following PRIMO FLAVORSTATION, FLAVOR STATION, and FLAVORSTATION trademarks in commerce in connection with the sale, offer for sale, distribution, and advertisement of goods, which, in the words of the U.S. Trademark Office examiner, "are essentially identical dispensers." As such, Primo's goods directly compete with the goods sold by Snowie under it's SNOWIE FLAVOR STATION and FLAVOR STATION trademarks.

12. Primo has been placed on notice of Snowie's rights in the FLAVOR STATION trademark on multiple occasions, including by letter from Snowie's counsel dated July 15, 2015, and Primo's counsel has acknowledged receipt of such notices. Thus, Primo's use of PRIMO FLAVORSTATION, FLAVORSTATION, and FLAVOR STATION are and continue to be knowingly and intentionally infringing of Snowie's prior trademark rights.

13. Primo's unauthorized registration and ongoing use of Snowie's FLAVOR STATION trademark is likely to cause confusion, mistake, or to deceive the public as to the source of goods and services under 15 U.S.C. §1125(a). Primo's combining of the words "FLAVOR" and "STATION" without a space as a unitary mark, and inclusion of its name "PRIMO" before that mark does not alleviate the infringement and likelihood of confusion.

14. Accordingly, Snowie asserts claims against Primo for injunctive relief and monetary damages for trademark infringement pursuant to 15 U.S.C. § 1114.

**SECOND CLAIM FOR RELIEF**

**(Unfair Competition under the Lanham Act, 15 U.S.C. §1125(a))**

15. Snowie incorporates and re-alleges the preceding paragraphs of this Complaint, as though fully set forth herein, and further alleges:

16. Snowie is well known for its products, including food and beverage dispensers, namely, dispensers for dispensing liquids and confectionary toppings.

17. Snowie markets its food and beverage dispensers, namely, dispensers for dispensing liquids and confectionary toppings under its marks SNOWIE FLAVOR STATION and FLAVOR STATION.

18. The SNOWIE FLAVOR STATION and FLAVOR STATION trademarks have developed considerable goodwill among consumers.

19. Primo's use of its PRIMO FLAVORSTATION, FLAVOR STATION, and FLAVORSTATION trademarks are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, and/or association with Snowie, or as to the source, origin, sponsorship, endorsement, and/or approval of Primo's goods, services, or commercial activities by Snowie.

20. By reason of the foregoing, Snowie asserts claims against Primo for injunctive relief and monetary damages for unfair competition pursuant to 15 U.S.C. § 1125(a).

**THIRD CLAIM FOR RELIEF**

**(Unfair Competition under the Utah Unfair Competition Act,
Utah Code Ann. § 13-5(a)-101, *et seq.*)**

21. Snowie incorporates and re-alleges the preceding paragraphs of this Complaint, as if the same were fully set forth herein, and further alleges:

22. Primo's actions constitute an intentional business act and practice that is unlawful, unfair, and fraudulent, and has led to a material diminution in value of Snowie's intellectual property, and inability of Snowie to register its mark with the United States Patent and Trademark Office.

23. Primo's actions constitute infringement of Snowie's trademark rights. Primo's tortious actions have caused, and unless enjoined by this Court will continue to cause and will cause in the future, irreparable damage, loss, and injury to Snowie for which Snowie has no adequate remedy at law.

24. Pursuant to Utah Code Ann. § 13-5(a)-103, Snowie is entitled to actual damages, costs and attorney fees, and punitive damages.

25. By reason of the foregoing, Snowie asserts claims against Primo for violation of the Utah Unfair Competition Act sounding in injunctive relief, damages, and attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Snowie prays for judgment against Defendant as follows:

A. Order the United States Patent and Trademark Office cancel U.S. Trademark Registration No. 4284674 in its entirety, with prejudice;

B. Enjoin Primo, its successors and assigns, and all other persons participating or acting in concert with Primo, from making, using, selling, hosting or otherwise distributing, advertising or promoting any goods under the marks PRIMO FLAVOR STATION, FLAVORSTATION or FLAVOR STATION without the prior express authorization of Snowie;

C. Enjoin Primo, its successors and assigns, and all other persons participating or acting in concert with them, from infringing Snowie's FLAVOR STATION trademark directly, indirectly, and contributorily;

D. Order Primo to prepare an accounting of all proceeds generated by the infringing activity;

E. Award Snowie its damages and any profits of Primo and Snowie's costs of the action pursuant to 15 U.S.C. § 1117(a);

F. Award Snowie actual damages for violation of the Utah Unfair Competition Act, Utah Code Ann. § 13-5(a)-103;

G. Award Snowie its costs and attorneys' fees pursuant to the Utah Unfair Competition Act, Utah Code Ann. §13-5(a)-103;

H. Award Snowie punitive damages pursuant to the Utah Unfair Competition Act, Utah Code Ann. §13-5(a)-103;

I. Award Snowie pre-judgment and post-judgment interest until awards of damages and relief are paid; and

J. Award such other and further relief as is just and equitable.

DATED this 16th day of February, 2016.

        TECHLAW VENTURES, PLLC

        /s/Terrence J. Edwards
        _____
        Terrence J. Edwards
        Preston C. Regehr
        Attorneys for Plaintiff
        Snowie LLC

        TECHLAW VENTURES, PLLC
        3290 West Mayflower Way
        Lehi, Utah 84043